IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONNIE SANTORA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 09-513-SLR |
| ) | |
| RED CLAY CONSOLIDATED ) | |
| SCHOOL DISTRICT, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 25th day of February, 2011, having reviewed plaintiff's motion to quash and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 28) is granted, but with the following conditions:

a. First, the court finds that defendants provided sufficient notice under Rule 45 (b)(1), as that rule requires advance notice of service of a subpoena *duces tecum* to permit an opponent time to move to suppress the production of documents, not time to prevent service of the subpoena itself. *See, e.g., Ginley v. E.B. Mahoney Builders, Inc.*, 2006 WL 266507 (E.D. Pa. January 31, 2006).

b. Second, I note from a review of the docket that plaintiff responded to many outstanding discovery requests after briefing on the instant motion had been completed. It is not clear to me whether plaintiff has now provided at least some of the information requested by defendants in the subpoena at issue.

c. Because I conclude that much of the information solicited through the subpoena is relevant, but that it could be obtained through plaintiff (rather than a third-party), and because the record is not clear to me in this regard, the subpoena is quashed.

IT IS FURTHER ORDERED, however, that the court shall conduct a telephonic status conference in this matter on **April 13, 2011 at 10:00 a.m.**, with plaintiff's counsel initiating the conference call, to determine whether plaintiff has provided all appropriate information about her current employment and medical status, and to resolve any outstanding disputes about the scope of production.

_____
United States District Judge